UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL HATTEN** | **CASE NO. 3:22-CV-03467** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 20] filed by defendant USAA pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff has filed no opposition to the motion and his time for doing so has passed.

### I.
#### BACKGROUND

This suit arises from damage to plaintiff's home in West Monroe, Louisiana, in Hurricanes Laura and Delta. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on August 23, 2022, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law. He invoked the court's diversity jurisdiction under 28 U.S.C. § 1332, asserting that he was a citizen of Louisiana and USAA a citizen of Texas. The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4.

On July 20, 2023, the court entered an order terminating MMA counsel from this case and designating plaintiff as a pro se litigant. Doc. 19. On August 11, 2023, USAA

filed a motion to dismiss this suit for lack of subject matter jurisdiction. Doc. 20. By notice of motion setting issued the same day, plaintiff's response deadline was set for August 25, 2023. Doc. 22. Also on August 11, counsel attempted to enroll for plaintiff but the motion was marked as deficient. Docs. 23, 24. The deficiency was corrected that day and the motion to enroll was granted on August 14. Docs. 25, 26. Plaintiff's response deadline has now passed with no opposition received to USAA's motion. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015). Because the parties have submitted evidence outside the pleadings that do not, this matter is a "factual" attack and

the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here plaintiff has stated that he is a citizen of Louisiana and alleged that USAA was incorporated under the laws of Texas with its principal place of business in San Antonio. Doc. 1, ¶¶ 1–3. According to USAA's corporate disclosure statement, however, it is an unincorporated association serving as a reciprocal interinsurance exchange with members in every state. Doc. 9. An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)). USAA is thus a citizen of every state, including Louisiana. *E.g., Cruz v. USAA*,

2021 WL 2662155, at *1 (E.D. La. June 29, 2021). Because plaintiff is also a citizen of Louisiana, there is no basis for the court's exercise of jurisdiction.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 20] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of September, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE